IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD PANICHELLI | : |
| v. | : CIVIL ACTION |
| | : NO. 02-4814 |
| CITY OF PHILADELPHIA, ET AL | : |

## ANSWER

Defendants City of Philadelphia and Marlene Ramsey, by its undersigned attorney, hereby respond to plaintiff's complaint with the following averments:

### Complaint

1. Defendants deny that it has violated any of the statutes that plaintiff mentions. As such, strict proof of these allegations is demanded at the time of trial.

### Parties

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied as stated. However it is admitted that Marlene Ramsey is an employee of the City of Philadelphia.

Jurisdiction

7. Jurisdiction is admitted in so far as Title VII of the Civil Rights Act of 196, as amended, 42 U.S.C. Section 2000e et seq., 42 U.S.C. §1981 and the Pennsylvania Human Relations Act prohibit discrimination and retaliation on the basis of a person's race and/or national origin and thus, provide that claims may be brought under the statutes stated above. However, it is denied that the City of Philadelphia, Marlene Ramsey or any other City employee violated plaintiff's rights under federal or state law.

Administrative Remedies

8. Admitted.

9. Denied. Defendants lack independent knowledge sufficient to determine the truth or falsity of this averment and therefore it is denied.

10. Admitted.

11. Admitted.

Factual Allegations - First Lawsuit

12. Denied as stated. However it is admitted that the City of Philadelphia's Civil Service Regulations govern what compensation, rights and privileges that plaintiff has while employed with the City of Philadelphia's Department of Human Services.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied as stated. However, it is admitted that plaintiff's performance evaluations show that he performed his job duties in a satisfactory manner.

17. Denied as stated. However, it is admitted that Plaintiff has worked for the City of Philadelphia since 1979.

18. Denied. Strict proof of this allegation is demanded at the time of trial.

19. Denied. Strict proof of this allegation is demanded at the time of trial.

20. Admitted in part; denied in part. It is admitted that during plaintiff's review of employee abuse of time that unknown persons engaged in questionable behavior against plaintiff, however the City of Philadelphia's investigation revealed that this was not due to racial animus but rather because these persons wanted to protect the status quo as it related it use of time at the Youth Study Center. It is denied that the City knew who committed these acts or that it acquiesced in the commission of these acts against plaintiff.

21. It is admitted that plaintiff filed an administrative complaint alleging race and national origin discrimination. It is also admitted that the City of Philadelphia's Central Personnel investigated plaintiff's complaint and found that he had been subject to some form of harassment, however, the investigation did not reveal that he was the subject of race or national origin discrimination. Contrarily, the investigation found that the perpetrators were acting against him because he threatened the status quo at the Youth Study Center and that his race and national origin was irrelevant.

22. Denied as stated. It is denied that as a result of the racial problems at the Youth Study Center plaintiff was transferred; plaintiff requested a transfer and the City granted his request. Moreover, the investigation into plaintiff's allegations did not reveal who the actual perpetrators were, as a result, no _firm_ discipline could be invoked against _unknown_ persons.

23.     Defendants are without independent knowledge sufficient to form an opinion as to the truth or falsity of this statement and therefore it is denied.

24.     Denied as stated.  However, it is admitted that plaintiff filed a lawsuit alleging discrimination against the City of Philadelphia in federal court, docketed at Civil Action No. 00-914.  More importantly, that lawsuit was settled and plaintiff signed a general release that released the City of Philadelphia of all future claims of discrimination and stated that "he would never seek employment ever at the Youth Study Center."

25.     Admitted.

26.     Admitted.

27.     Admitted.

## Retaliation Claim

28.     Denied as stated.  However, it is admitted that plaintiff filed a charge of discrimination with the Pennsylvania Human Relations Commission dual filed with the Equal Employment Opportunity Commission where he alleged race and national origin discrimination which case was ultimately filed in this Court and docketed at Civil Action No. 00-614.

29.     Denied that plaintiff is working out of classification as a Counselor Supervisor due to him filing a charge of discrimination.  Contrarily, plaintiff continues to work out of class because he has made no affirmative step to investigate options of employment in accordance with the Civil Service Regulations.

30.     Denied.  The City offered Plaintiff this position and he declined the position.

31.     Denied.  Plaintiff agreed that he would not seek employment at the Youth Study Center in return for considerable consideration in settlement of civil action no. 00-614.  Moreover as

stated previously, plaintiff had previously declined the position of Shift Manger when the City offered him the position.

32. Denied. Plaintiff has not been prevented from obtaining higher salaried employment with the Department of Human Services because he filed a charge of discrimination against the City. Contrarily, plaintiff has refused to adhere to the Civil Service Regulations as required by local ordinance of the City of Philadelphia.

33. Denied. Plaintiff's job title has not been reclassified because after the City of Philadelphia's Personnel Department conducted an audit of his current position it was determined that he was actually working at a lower scale than the title that he currently holds.

34. Denied that plaintiff suffered severe damage as a result of alleged "retaliatory" conduct and strict proof of this allegation is demanded at the time of trial.

Count I
Employment Discrimination - Title Vii and Section 1983

36. Defendants incorporate by reference its responses numbered 1 through 34 as though each was fully set forth herein.

37. Denied. This allegation states a conclusion of law of which no response is required.

38. Denied. This allegation states a conclusion of law of which no response is required.

39. Denied and strict proof of this claim is demanded at the time of trial.

40. Denied and strict proof of the claims alleged is demanded at the time of trial.

41. Denied. This averment alleges several conclusions of law of which no response is required.

42. Denied. This averment alleges several conclusions of law of which no response is required.

43. Denied. This averment alleges several conclusions of law of which no response is required.

Count II
Pennsylvania Human Relations Act and
<u>Philadelphia Human Relations Act</u>

44. Defendants incorporate by reference its responses numbered 1 through 43 as though each was fully set forth herein.

45. Admitted.

46. Denied. This averment states a conclusion of law of which no response is required.

47. Denied that the City of Philadelphia permitted any discrimination to occur against plaintiff or that its employees discriminated against plaintiff in any manner. Strict proof of this allegation is demanded at the time of trial.

Count III
<u>Violation of Contract</u>

48. Defendants incorporate by reference its responses numbered 1 through 47 as though each was fully set forth herein.

49. Denied that Defendants have violated or intentionally interfered with various terms of the contract of employment which plaintiff had with defendant. Contrarily, defendant City of Philadelphia does not have an employment contract with plaintiff. The only contractual relationship between plaintiff and defendant is the Settlement Agreement and General Release of

Claims executed by plaintiff in resolution of Civil Action No. 00-614, if which, plaintiff is now trying to breach.

50.     Denied and strict proof of this allegation is demanded at the time of trial.

WHEREFORE, defendants respectfully request that the Court dismiss Counts I through III of plaintiff's complaint with prejudice.

### **AFFIRMATIVE DEFENSES**

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims of discrimination and retaliation are barred by the Statute of Limitations pursuant to 43 P.S. §959(h).

3.      Plaintiff's claims of discrimination and retaliation are barred by 43 P.S. §959 (c.1) in that the relief he seeks the City of Philadelphia offered and he rejected on June 14, 2000.

4.      Plaintiff's claims are barred by the terms plaintiff's settlement and general release executed by plaintiff in resolution of Civil Action No. 00-614.

5.      Plaintiff's claims are barred by the doctrine of accord and satisfaction.

6.      Plaintiff's claims are barred by the doctrine of waiver.

7.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

8.      Plaintiff's claims are barred in whole or in part by his failure to follow Civil Service Regulations as required by City ordinance.

Wherefore, Defendants respectfully requests that plaintiff's complaint be dismissed in its entirety and that the Court grant such other and further relief as it deems just and proper.

                                            Respectfully submitted,

                                            HON. NELSON A. DIAZ
                                            CITY SOLICITOR

Date:  _____                   _____
                                            TREMELLE I. HOWARD
                                            Assistant City Solicitor
                                            SHELLEY R. SMITH
                                            Chief Deputy City Solicitor
                                            Attorney I.D. No. 81277
                                            City of Philadelphia Law Department
                                            1515 Arch Street - 16th Floor
                                            Philadelphia, PA 19102
                                            (215) 683-5076 (direct dial)
                                            (215) 683-5099 (telefax)

<u>Certificate of Service</u>

  I, Tremelle I. Howard, Assistant City Solicitor, hereby certify that a copy of Defendant City of Philadelphia's Answer with Affirmative Defenses has been mailed to Plaintiff via U.S. Mail at the address below:

Armando A. Pandola, Jr., Esquire
400 Sterling Commerce Center
1819 JFK Boulevard
Philadelphia, PA 19103

Date: _____

                          _____
                          TREMELLE I. HOWARD
                          Assistant City Solicitor
                          Counsel for Defendants